IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO. 7:19-CR-149-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ENRIQUE TYREEK WILLIAMS | **MEMORANDUM**<br>**OF INDICATIVE RULING**<br>**PURSUANT TO FRCP 37(a)(3)** |

On October 8, 2024, this Court added a supervised release condition requiring the defendant to obtain his probation officer's approval before accessing internet-capable devices but inadvertently omitted, in the written order, a work exception the Court had orally ordered. (D.E. 112). The defendant appealed. (D.E. 110). Later, the United States moved this Court to modify the defendant's conditions of supervised release to impose the correct condition, 18 U.S.C. § 3583(e), or, alternatively, to issue an indicative ruling indicating that the Court would grant that motion if the court of appeals remanded the case for that purpose, Fed. R. Crim. P. 37(a)(3).

The Court declined to modify the conditions of supervised release given the pending appeal but now enters an indicative ruling, pursuant to Fed. R. Crim. P. 37(a)(3), that the Court would grant the government's motion if the court of appeals remanded this case for that purpose.

**FACTUAL AND PROCEDURAL SUMMARY**

Following a guilty plea to interstate transportation for prostitution (Mann Act), 18 U.S.C. § 2421(a), (D.E. 51), on October 6, 2021, this Court sentenced the defendant to 90 months' imprisonment followed by five years' supervised release.

1

Supervision began on August 9, 2024. On August 28, 2024, the U.S. Probation Office (USPO) moved this Court to modify the defendant's condition of supervised release to add several conditions common for convicted sex offenders. (D.E. 99). One proposed condition, hereinafter "Condition Four," read:

> 4. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation officer.

(D.E. 99).

The Court held a hearing on the U.S. Probation Office's motion on October 8, 2024, and added the proposed conditions. But the Court orally modified Condition Four to include a work exception: "Except as required for employment, you, Mr. Williams, shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to the internet unless approved by the United States probation officer." (10/8/24 Hrg. Tr. 31:4-8). This Court followed with a written order that inadvertently omitted the employment exception from Condition Four: "The defendant shall not use, possess, procure, or otherwise obtain any computer or electronic device that can be linked to the internet unless approved by the U.S. Probation Officer." (D.E. 112).

The defendant timely appealed that order on October 16, 2024. (D.E. 110). On March 4, 2025, the United States moved this Court to modify Condition Four to add the work exception that the Court had orally pronounced. Later, the United States alternatively requested an indicative ruling from this Court pursuant to Fed. R. Crim. P. 37(a) if the Court lacked jurisdiction to modify Condition Four due to the pending

2

appeal. (D.E. 123). The defendant has consistently and timely opposed all requests by USPO and the United States Attorney's Office to modify his supervised release conditions or for this Court to exercise jurisdiction over those conditions during the pending appeal. (*E.g.*, D.E. 120, 126).

Meanwhile, the defendant has remained subject to the additional conditions this Court imposed on October 8, 2024, including Condition Four. USPO represented to the Court on May 7, 2025, that it has been applying the oral version of Condition Four and has not required the defendant to seek prior approval before using internet-capable devices at work, and this Court credits that representation.

As Condition Four required, the defendant obtained permission to have an Android cellular phone, and USPO installed monitoring software. In early February 2024, the probation officer noticed the defendant communicating with Federal Bureau of Prison (FBOP) inmates on an FBOP email system. The standard conditions of supervision require this (and every) defendant to seek approval before "knowingly communicat[ing]" with someone he knows "has been convicted of a felony." (D.E. 76). On February 21, 2025, USPO informed this Court of the violation. This Court elected not to take further action, but the defendant's probation officer warned him to stop communicating with the FBOP inmates.

The defendant ignored his probation officer's direct instruction. Instead, he shifted to communicating with an FBOP inmate, Rashon Carter, on other platforms—

3

primarily text message, cell phone calls, and Facebook Messenger.[1] On the morning of March 6, 2025, the probation officer confronted the defendant about his continued communication, and the defendant lied and stated he was not communicating with Mr. Carter. That evening, the defendant called Rashon Carter again and continued communicating with Mr. Carter until about March 10, 2025.

On March 10, 2025, USPO filed a motion for revocation of supervised release alleging that the defendant had violated two conditions: he knowingly communicated with a convicted felon, and he lied to his probation officer.[2] (D.E. 121).

This Court held a hearing on the motion for revocation and the United States' motion to modify Condition Four or to issue an indicative ruling on May 7, 2025. The Court rejected the defendant's argument that the Court lacked jurisdiction even to conduct a revocation hearing, then proceeded to that hearing. After the presentation of evidence, the Court found that the United States had met its burden and proven, by a preponderance of the evidence, that the defendant violated both conditions of supervised release. The Court nonetheless declined to revoke the defendant, leaving his existing conditions of supervised release intact, and later entered an order confirming that ruling. (D.E. 130).

---

[1] The U.S. probation officer credibly testified that there is no legal way for an FBOP inmate to access Facebook Messenger. The only possible explanation is that the inmate had accessed an illegal device, probably an illegal cell phone.

[2] At the subsequent May 7, 2025, revocation hearing, counsel for the defendant claimed that the motion for revocation was a pretext to justify modifying Condition Four. The Court finds no basis for that accusation. The United States Probation Office properly filed a revocation motion based solely on the defendant's willful failure to follow the conditions of supervised release, to submit fully to supervision, and to be truthful with his probation officer.

The Court next declined to modify Condition Four outright given the pending appeal. Nonetheless, the Court orally indicated that it is inclined to grant the United States' motion and modify Condition Four to include the employment exception it orally ordered, if the court of appeals remanded the case for that purpose. This written memorandum follows.

## ANALYSIS

When "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Rule 37(a) authorizes district courts to defer the motion, deny the motion, or "state either that [the court] would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). "Rule 37 serves an important purpose": it "allows courts of appeals to make more informed decisions." *United States v. Armstrong*, 132 F.4th 736, 738 (4th Cir. 2025).

This case fits that objective. The defendant has filed "an appeal that has been docketed and is pending." *United States v. Williams*, No. 24-6977 (4th Cir.). His appeal raises two issues: that this Court's failure to include the orally added employment exception in its written order imposing Condition Four was reversible error under the *Rogers/Singletary*[3] line of cases, and that Condition Four was procedurally and substantively unreasonable. (D.E. 126).

The Court agrees with the United States that the government's motion seeking to modify Condition Four or obtain a Rule 37(a) ruling does not negate the defendant's

---

[3] *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

5

second argument. The United States has argued, however, that this Court has jurisdiction to solve the first issue by exercising its authority to "modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration of the term of supervised release." 18 U.S.C. § 3583(e) (emphasis added).

How § 3583(e)'s broad language fits with the usual rule that an appeal divests a district court of jurisdiction, *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), remains unsettled in the Fourth Circuit. Absent clearer authorization, this Court declines to modify an order that is on appeal.

But the Court plainly retains *some* jurisdiction over the defendant's supervised release conditions, including Condition Four. This case illustrates why. While the appeal pends, the defendant remains subject to all ordered conditions of release, including Condition Four. Though the revocation motion did not accuse the defendant of directly violating Condition Four, he was only caught communicating with Mr. Carter in FBOP because that condition required him to obtain his probation officer's approval to have the monitored Android phone in the first place.

Going forward, the defendant remains subject to Condition Four. If he obtained an unapproved device, this Court would have to be able to revoke him. Otherwise, defendants could evade supervision for months or years by appealing their release conditions.[4] That is not what Congress had in mind. *See United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) ("If an appeal were to divest the district court of

---

[4] Proving the point, the defendant objected to the Court conducting the May 7, 2025, revocation hearing, arguing that his appeal divested this Court of jurisdiction.

6

authority to supervise the conditions of the convicted defendant's release, there would be no such supervision at all. This cannot be the intention of Congress.").

Rule 37(a) offers a sensible middle course. It will allow the U.S. Court of Appeals for the Fourth Circuit to decide, in the first instance, whether to retain jurisdiction and decide the defendant's appeal or to remand to this Court to allow it to modify Condition Four. Either way, the court of appeals can "make [a] more informed decision[]" by understanding how this Court, as the court supervising the defendant, intends to proceed. *Armstrong*, 132 F.4th at 738.

Thus, pursuant to Rule 37(a)(3), this Court indicates that it would grant the government's motion to modify Condition Four (D.E. 119), if the court of appeals remands the case for that purpose. This Court would enter a written order modifying Condition Four as follows:

> 4. Except as required for employment, the defendant shall not use, possess, procure, or otherwise obtain any computer or electronic device that can be linked to the internet unless approved by the U.S. Probation Officer.

A condition excepting the defendant's work devices serves important objectives of supervised release, including "needed educational or vocational training." 18 U.S.C. § 3553(a)(2)(D). Gainful employment helps supervisees reenter society successfully, and most modern jobs involve using devices that can access the internet. This version of Condition Four balances the defendant's demonstrated need for supervision on the internet[5] with rehabilitation.

---

[5] The facts underlying the defendant's most-recent revocation hearing only underscore why internet supervision is important for this defendant.

7

Permitting this Court to modify Condition Four would also serve another important objective of supervised release: notice. Right now, USPO is implementing the oral version of Condition Four, but the written version, which is more restrictive than this Court has deemed necessary, remains unchanged. This Court, USPO, the government, and—above all—the defendant deserve to know, with certainty, what the conditions of supervised release are going forward.

## CONCLUSION

This Court would grant the government's motion to modify the conditions of the defendant's supervised release, filed at Docket Entry 119, if the court of appeals remanded the defendant's pending appeal for that purpose. Fed. R. Crim. P. 37(a)(3).

DONE AND ORDERED this 21st day of May, 2025.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE