UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Enrique Tyreek Williams**                    **Docket No. 7:19-CR-149-1FL**

### Amended Petition for Action on Supervised Release

COMES NOW Henry Ponton, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Enrique Tyreek Williams, who, upon a finding of guilt by jury to Interstate Transportation for Prostitution (Mann Act), in violation of 18 U.S.C. 2421(a), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on October 6, 2021, to the custody of the Bureau of Prisons for a term of 90 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

The defendant was released from custody on August 9, 2024, at which time the term of supervised release commenced.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Under the First Step Act, the defendant's sentence was reduced and he was ordered to be immediately released to the Eastern District of North Carolina effective August 9, 2024. Due to the defendant's expedited release date, he was released without a residence plan. The defendant has no social ties to the Eastern District of North Carolina. The U.S. Probation Office was able to utilize Second Chance Act funding to assist the defendant in securing housing and basic essentials for his first couple of weeks on supervision.

During the initial contact on August 9, 2024, the defendant was presented with a Waiver of Hearing proposing to modify his conditions of supervised release to include an amended search condition as well as computer monitoring. Social media was heavily utilized as a tool to aid in the defendant's instant offense. Specifically, the defendant utilized the website SkipTheGames.com to pose and manage prostitution ads. The defendant refused to sign the Waiver of Hearing agreeing to the proposed modifications.

On August 26, 2024, a memorandum was submitted to the court to provide an update on the status of the defendant's case. To appropriately protect the community, it is recommended that the defendant be required to participate in computer monitoring. Counsel was appointed for the defendant and a hearing was scheduled.

On October 8, 2024, the defendant appeared before Your Honor with counsel. Your Honor agreed that the below recommended conditions were appropriate based on the nature and circumstances of the instant offense as well as recommendation of his sex-offense specific treatment provider. Following completion of his assessment, his treatment provider recommended the defendant participate in polygraph examinations as a tool to assess additional treatment needs. Your Honor also agreed with this recommendation and ordered that his conditions of supervised release be modified to include the below six conditions.

On October 16, 2024, the defendant appealed to the Fourth Circuit Court of Appeals. On May 7, 2025, the defendant appeared before Your Honor with counsel for revocation proceedings. After the hearing, this Court entered an indicative ruling that, were the Fourth Circuit to remand this case, this Court would modify his previously modified conditions to reflect the language originally imposed by Your Honor.

On June 30, 2025, a motion was granted by the Fourth Circuit Court of Appeals to suspend briefing and remand the case to the district court for further proceedings but retained jurisdiction pursuant to FRAP 12.1(b). A Remand Hearing is scheduled before Your Honor on August 5, 2025.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring. Based on the defendant's current financial situation, the initial installation cost and first three months of computer monitoring shall be paid by the U.S. Probation Office.

3. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

4. Except as required for employment, the defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to the internet unless approved by the U.S. Probation Officer.

5. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

6. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Henry Ponton
Henry Ponton
Senior U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-4290
Phone: 910-679-2048
Executed On: August 5, 2025

## ORDER OF THE COURT

Considered and ordered this _____ day of _____, 2025, and ordered filed and
made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge