IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CR-149-FL

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ENRIQUE TYREEK WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's motion

for revocation of Defendant's supervised release [DE-146] and for a hearing on the government's

motion to detain Defendant pending further proceedings. The government alleges Defendant has

violated his supervised release by the following conduct:

Violation 1 - Criminal conduct.

On March 1, 2026, the defendant was arrested by the Wilmington Police Department after committing the offenses of Misdemeanor Stalking, Misdemeanor Crime of Domestic Violence, Interfering with Emergency Communication, Simple Assault, and Communicating Threats (26CR245360). On March 2, 2026, he was ordered released on a $1,500 secured bond. His charges remain pending in New Hanover County District Court.

Violation 2 - Possession of unapproved electronic devices.

On March 1, 2026, the defendant was arrested by the Wilmington Police Department. At the time of his arrest, he had three cell phones in his possession. The defendant was only approved to have one cell phone with computer monitoring software installed.

[DE-146].

In support of its motion for revocation, the government called Senior United States Probation

Officer Henry Ponton. Mr Ponton testified to the alleged violations and the court finds his testimony

to be credible and reliable. Based on Officer Ponton's testimony the court finds there is probable

cause to support the violations alleged in the Government's motion.

Having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a risk of danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations supported by probable cause, (2) Defendant's prior behavior requiring court action while on supervision, and (3) for other findings and reasons stated in open court. The court has considered the testimony of Defendant's mother, Ms. Knowlin, but finds factors of release are not outweighed by those supporting detention pending further proceedings.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 24th day of March 2026.

Robert B. Jones, Jr.,
United States Magistrate Judge

2